CASE NO. 21-14090-C

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

JAMMIE PARKER,

Plaintiff/Appellant,

v.

TERI GALARDI,

Defendant/Appellee.

---

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

# APPELLEE TERI GALARDI'S STATUS REPORT

Christopher J. Lynch, P.A.
16517 Seagate Place
Bonita Springs, FL 34135
FBN: 331041
(305) 332-8706
Attorney for Appellee

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT (CIP)**

Parker vs. Galardi Appeal No. 21-14090

Appellee, Teri Galardi, files this her Certificate of Interested Persons and Corporate Disclosure Statement, listing the parties and entities interested in this appeal as required by 11th Cir. R. 26.1-1(a).

Brewer, Ameera
Brodsky, Howard, Esq.
Butler, Thomas, Esq.
Cannon, Aileen, United States District Judge Dudley, Ainsworth, Esq.
Gabbe, Astrid, Esq.
Glardi, Teri
Johnson, Jocelyn
Mayfield, Ebony
Mays, Rasheedah
Milner, Angela
Otazo-Reyes, Alicia, United States Magistrate Judge Parker, Jammie
Thompson, Tiffany
Tobin, Gerald, Esq. Williams, Marleka Williams, Shakir

Counsel for Appellee

/s/ *Christopher J. Lynch*
FBN: 331041

## STATUS REPORT

Appellee, Teri Galardi, hereby files this status report regarding Appellee's filing of a Chapter 11 bankruptcy petition on January 12, 2022, in Case No. 22-50035, *In re: Terri G. Galardi*, in the U.S. Bankruptcy Court for the Middle District of Georgia and the filing of her Notice of Bankruptcy and Automatic Stay in this case and states as follows:

1. On November 17, 2020, the Court issued a notice that the required monthly status report regarding the bankruptcy proceedings had not been filed on behalf of the Appellee Galardi. Upon receipt of the notice, the undersigned co-counsel for Appellee attempted to contact Gerald Tobin, Appellee's lead counsel, who had been filing the monthly status reports. At that time, the undersigned was advised that Mr. Tobin was physically incapacitated and could not file the required report. Accordingly, this report follows.

2. Undersigned has been advised by Ms. Galardi's bankruptcy counsel that on April 17, 2026, Ms. Galardi received her discharge in bankruptcy. See Exhibit 1.

3. In light of said discharge, Ms. Galardi will be moving forward forthwith to lift the current stay/abatement and dismiss this appeal.

## CERTIFICATE OF COMPLIANCE

I certify that this status report complies with the type-volume limitation set forth in FRAP 32(g). This status report contains 289 words.

Respectfully submitted,

*/s/ Christopher J. Lynch*
FBN: 331041

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of November 2026, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record listed in the Service List below via transmission of Notice of Electronic Filing generated by CM/ECF.

CHRISTOPHER J. LYNCH, P.A.
16517 Seagate PL.
Bonita Springs, FL 34135
Tel: (305) 332-8706
clynch@hunterlynchlaw.com
*/s/ Christopher J. Lynch*
FBN: 331041

## SERVICE LIST

Thomas Butler, Esq.
Thomas Butler, P.A.
407 Lincoln Road
Suite 235
Miami Beach, FL 33139
Appellatelaw@bellsouth.net
Tel: (877) 847-1896
*Counsel for Appellant*

# EXHIBIT 1

**Information to identify the case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Teri G. Galardi<br>First Name Middle Name Last Name | Social Security number or ITIN | xxx–xx–1911 |
| | | EIN | __–_______ |
| Debtor 2<br>(Spouse, if filing) | First Name Middle Name Last Name | Social Security number or ITIN | ____ |
| | | EIN | __–_______ |
| United States Bankruptcy Court | Middle District of Georgia | | |
| Case number: | 22–50035–AEC | | |

## Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1141(d)(5) is granted to:

Teri G. Galardi
2146 Highway 42 South
Flovilla, GA 30216

4/17/26

**By the court:** /s/Austin E. Carter
United States Bankruptcy Judge

### Explanation of Bankruptcy Discharge in an Individual Chapter 11 Case

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 11 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;
- debts for most student loans;
- debts for most taxes;
- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

**For more information, see page 2 >**

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;
- some debts which the debtors did not properly list;
- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and
- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of an individual chapter 11 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**